STATE OF NORTH DAKOTA EX REL. WILLIAM LANGER, Attorney General, Plaintiff, v. N. C. McDONALD, Defendant.

(170 N. W. 873.)

**Elections — mandamus — original jurisdiction of supreme court.**

    1. The original jurisdiction of the supreme court may properly be invoked in a mandamus proceeding involving the right of possession of the office of superintendent of public instruction.

**Elections — public officers — surrender of office enforceable by mandamus.**

    2. It is the duty of every public officer, at the expiration of his official relation, to surrender to his successor the property and insignia of the office which

---

NOTE.—On original jurisdiction of court of last resort in mandamus cases, see notes in 58 L.R.A. 833, and 38 L.R.A.(N.S.) 1000.

the law commits to his custody. This duty is ministerial only, and its performance is enforceable by mandamus.

**Elections — certificate prima facie title to office — court will not go behind certificate.**

3. The certificate of election to the office in dispute and qualification thereunder is prima facie title to the office, and the courts will not in a mandamus proceeding to compel surrender of the office to the holder of the certificate of election go behind such certificate.

**Elections — in mandamus to get possession of office facts involving right to hold office not considered.**

4. In such mandamus proceeding, the prima facie title to the office cannot be defeated by averments of fact which involve the ultimate title to the office.

Opinion filed January 10, 1919.

Original proceeding by the state, on the relation of William Langer, Attorney General, for the issuance of writ of mandamus to compel the defendant, N. C. McDonald, to surrender the office of superintendent of public instruction to Minnie J. Nielsen.

Writ granted.

*William Langer*, Attorney General, and *Edw. B. Cox*, Assistant Attorney General, for relator.

*John Carmody, J. A. Hyland*, and *Edward S. Allen*, for respondent.

PER CURIAM. Application is made to this court for an original writ of mandamus to compel the defendant, N. C. McDonald, to turn over to one Minnie J. Nielsen the possession of the office of superintendent of public instruction of the state of North Dakota.

The controlling facts are undisputed. The defendant McDonald was elected to the office of superintendent of public instruction at the general election held in November, 1916. His term of office ended on January 5, 1919. The defendant and said Minnie J. Nielsen were opposing candidates for the office involved in this controversy at the election in November, 1918, with the result that said Minnie J. Nielsen received more votes than the defendant. On December 9, 1918, the state board of canvassers issued a certificate of election declaring said Minnie J. Nielsen to have been duly elected to the office of superintendent of public instruction of North Dakota. On January 6, 1919, she qualified by taking the oath of office and filing the bond provided by law, but the defendant refused to surrender the office.

The defendant contends:

1. That the case does not warrant the exercise of the original jurisdiction of this court;

2. That there is a plain, speedy, and adequate remedy by action in the nature of quo warranto, and hence mandamus will not lie;

3. That said Minnie J. Nielson did not have or hold the educational certificate prescribed by the statute.

We will consider these propositions in the order stated.

(1) So far as the question of jurisdiction is concerned, the case falls squarely within the rule announced by this court in State ex rel. Moore v. Archibald, 5 N. D. 359, 66 N. W. 234. That decision, as well as the subsequent decisions of this court, not only sustains the right, but makes it the duty, of this court to exercise its original jurisdiction in the instant case. See also State ex rel. Linde v. Taylor, 33 N. D. 76, L.R.A. 1918B, 156, 156 N. W. 561, Ann. Cas. 1918A, 583.

(2) The second point raised was elaborately discussed, and ruled against defendant's contention, in State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025. In that case it was held that where an incumbent is holding over after the expiration of his term, and until a successor is elected and qualified, and has no other claim to the office, he is a mere intruder as against a candidate who holds the proper certificate of election and has qualified for the office in the manner and form prescribed by law. The rule announced in State ex rel. Butler v. Callahan is in harmony with the principles of justice and common sense, and meets with our entire approval.

"It is the duty of every public officer, at the expiration of his official relation, to surrender to his successor the property and insignia of the office which the law commits to his custody. This duty is ministerial merely, no matter on what officer it devolves, and at common law its performance is enforceable by mandamus. . . . The right of the incumbent of an office to hold over after the expiration of his term exists only in cases where there is no legally elected and qualified successor, and therefore when there is a duly elected and qualified successor, the incumbent can have no such color or claim of right to the office as will prevent mandamus from issuing to compel him to surrender the insignia, etc., of the office. . . . The commission or certificate of election to the office in dispute and qualification thereunder is prima

facie title to the office, and the courts will not in a mandamus proceed-
ing to compel the surrender of the office to the holder go behind the
commission or certificate." 18 R. C. L. pp. 261, 262, § 186. See
also § 8457, Compiled Laws 1913; State ex rel. Moore v. Archibald,
supra; Chandler v. Starling, 19 N. D. 144, 122 N. W. 198. "A prima
facie right or title on the part of the relator to the office is all that is
necessary, or in fact involved, in mandamus proceedings to compel the
surrender of insignia, etc., of the office." 18 R. C. L. p. 263, § 188.

(3) The third point was specifically ruled against defendant's con-
tention in State ex rel. Butler v. Callahan, supra. That case involved
the office of county superintendent. The defendant in his answer ad-
mitted that the relator had received a certificate of election, and had
qualified thereunder by taking the oath of office and giving the required
bond; but averred, as new matter, that the relator did not have or hold
the educational certificate prescribed by the statute. The court ruled
that such new matter did not constitute a defense; that the new matter
in the answer had reference only to the relator's ultimate title to the
office; and that such title could not be litigated in a mandamus pro-
ceeding. The court further held that in such mandamus proceeding
"the relator cannot be driven out of court by the mere fact that the
incumbent pleads facts in his answer which call for a determination of
the relator's ultimate title to the office, and only that title."

"When a commission or certificate of election has been issued to an-
other, who has qualified thereunder, it is the duty of an incumbent of
a public office, at the expiration of his term, to surrender the office to
his successor; and should he then desire to contest the eligibility, elec-
tion, or qualification of the person so holding the commission or certifi-
cate, he may do so by proceeding in the manner prescribed by law for
determining contested claims to office, but he cannot do so in mandamus
proceedings to compel the surrender of the office." 18 R. C. L. p. 263,
§ 189.

It follows from what has been said that a writ of mandamus must
issue as prayed for. It is so ordered.

BRONSON, J., deeming himself disqualified, did not participate, Hon-
orable W. L. Nuessle, Judge of Sixth Judicial District, sitting in his
stead.