STATE OF NORTH DAKOTA EX REL. LAUREAS J. WEHE, a Commissioner of the North Dakota Workmen's Compensation Bureau, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, John N. Hagan, Commissioner of Agriculture and Labor and Ex-Officio Chairman and Member of the North Dakota Workmen's Compensation Bureau, and S. S. McDonald, Commissioner and Member of the North Dakota Workmen's Compensation Bureau (Together with the Plaintiff as Such Constitutes the Full Membership of Said Bureau), as Such Members of the North Dakota Workmen's Compensation Bureau, Appellants.

(180 N. W. 49.)

**Mandamus — in mandamus to obtain salary warrant, answer held to show petitioner's legal removal.**

In a petition for mandamus, the petitioner sought to compel the issuance of a salary warrant. The defendants answered, alleging that the petitioner had been removed from office. The answer also set forth the proceedings had to remove the petitioner. A demurrer was interposed to the answer. It is *held:*

For reasons stated in the opinion, the answer sufficiently alleges the existence of legal grounds for removal and the exercise of the power.

Opinion filed November 16, 1920.

Appeal from district court of Burleigh County, *Nuessle,* J.
Reversed.

*Foster & Baker,* for appellants.

The petition is insufficient and the demurrer should be carried back to it. Rush v. Philadelphia, 62 Pa. Super. Ct. 84; Tribune Printing.

& Binding Co. v. Barnes, 7 N. D. 591, 75 N. W. 904; Clay County v. Simonsen, 1 Dak. 387, 46 N. W. 592, adopted in 2 Dak. 112, 2 N. W. 260.

The answer affirmatively shows the jurisdiction of the governor. Re Guden, 151 N. Y. 529, 64 N. E. 451.

A public officer appointed for a fixed term subject to removal, generally for cause, may be removed without notice and hearing. People v. Welty, 75 Ill. App. 514; Hertel v. Boismenue, 229 Ill. 474, 82 N. E. 298; People ex rel. Platt v. Stout, 19 How. Pr. 176, 11 Abb. Pr. 17.

Where an answer contains a denial of a material allegation essential to plaintiff's right to relief it is error to sustain a demurrer to the answer as a whole, on the ground that the answer does not state facts sufficient to constitute a defense, although the answer contains an attempted affirmative defense. Hill v. Walsh, 6 S. D. 421, 61 N. W. 182. This case is approved in Redwater Land & Canal Co. v. Reid, 26 S. D. 466, 128 N. W. 706; Purdon v. Shock (Okla.) 184 Pac. 125; Marshall Mfg. Co. v. Dickerson (Okla.) 155 Pac. 224; Johnson v. J. R. Watkins Medical Co. (Colo.) 182 Pac. 879; Ray v. Shemwell, 174 Ky. 54, 191 S. W. 662; Daugherty v. Daugherty, 152 Ky. 732, 154 S. W. 9; Tuxworth v. Barber (Ga. App.) 94 S. E. 1042; Bostick v. Haney (Tex. Civ. App.) 209 S. W. 477.

The only sort of defense which may be attacked by demurrer is a defense consisting of new matter. Comp. Laws 1913, § 7452; Onderdonk v. Peale, Peacock & Kerr, 93 N. Y. Supp. 506; Moreley v. Cole, 38 S. D. 564, 162 N. W. 367.

Where the averments of an answer are incomplete, ambiguous, or defective the remedy is a motion to make more definite and certain. Lamoure v. Lasell, 26 N. D. 647, 145 N. W. 577.

The defendants in the case at bar are required by law to audit the salaries and compensation of members of the bureau. N. D. Sess. Laws 1919, § 4, ¶ 3, chap. 162; State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025; State v. Archibald, 5 N. D. 383, 66 N. W. 234; Chandler v. Starling, 19 N. D. 149, 121 N. W. 198; State v. McDonald, 41 N. D. 389, 170 N. W. 874.

Where charges embodying facts that in law constitute a cause for removal are preferred to the Governor, notice is given to the officer

charged and the Governor acting on the charges removes the officer, his act is final and cannot be reviewed or held for naught by the courts. And it is immaterial whether or not the Governor erred in exercising the power conferred on him.    State ex rel. Atty. Gen. v. Hawkins, 44 Ohio St. 98, 5 N. E. 228; Atty. Gen. ex rel. Taylor v. Brown, 1 Wis. 513; Wilcox v. People, 90 Ill. 186; Re Guden, 171 N. Y. 529, 64 N. E. 451; State ex rel. Churchill v. Hay, 45 Neb. 321, 63 N. W. 821; State ex rel. Rawlinson v. Ansel, 76 S. C. 395, 57 S. E. 185, 11 Ann. Cas. 613; Householder v. Morrill, 55 Kan. 317, 40 Pac. 664; Cameron v. Parker, 2 Okla. 277, 38 Pac. 14; Keenan v. Perry, 24 Tex. 253; Gray v. McLendon, 134 Ga. 224, 67 S. E. 859; State ex rel. Atty. Gen. v. Johnson, 30 Fla. 433, 18 L.R.A. 410, 11 So. 845; State ex rel. Dayries v. Yoist, 25 La. Ann. 396; Atty. Gen. v. Jochim, 99 Mich. 367, 23 L.R.A. 699, 41 Am. St. Rep. 606, 58 N. W. 611.

*Laureas J. Wehe* and *Theodore Koffel,* for respondent.

The new matter attempted to be set out is not properly admissible in an answer to the return of the writ of mandamus, and, therefore, demurrable, even though it had been stated in full, definite, and complete legal form.    State ex rel. Butler v. Callahan, 4 N. D. 491, 61 N. W. 1025; State ex rel. Atty. Gen. v. McDonald, 41 N. D. 389, 170 N. W. 874; Chandler v. Starling, 19 N. D. 144, 121 N. W. 198.

The issuing of a warrant for salary is a mere ministerial act and will be compelled by mandamus.    State v. Albright, 11 N. D. 22, 88 N. W. 729; State ex rel. Langer v. Kositzky, 166 N. W. 534; Howard v. Burns, 14 S. D. 383, 85 N. W. 920.

Removal from office can only be exercised by the Governor after notice and a hearing on specific charges preferred against the state officer, whose term of office is prescribed by statute, and the statute prescribes that he may be removed for cause.    Throop, Pub. Off. §§ 359, 364, pp. 360, 364; Mechem, Pub. Off. §§ 450–452; Dubee v. Voss, 19 La. Ann. 210, 92 Am. Dec. 526; Page v. Hardin, B. Mon. (Ky.) 672; Dullam v. Willison, 53 Mich. 392, 19 N. W. 112; People v. Brooklyn, 106 N. Y. 64; State v. St. Louis, 90 Mo. 19; Dill. Mun. Corp. 4th ed. § 250; Mead v. Ingham Co. 36 Mich. 415; State ex rel. Hastings v. Smith, 35 Neb. 29, 16 L.R.A. 413, 52 N. W. 875; 15 Utah, 12, 48 Pac. 747; State ex rel. Holmes v. Shannon, 7 S. D. 320, 64 N. W. 175; Field v. Com. 32 Pa. 648.

BIRDZELL, J.   The plaintiff filed a petition in the district court of Burleigh county for a writ of mandamus to compel the defendants to issue a warrant for $208.33 as the plaintiff's salary attaching to the office of Workmen's Compensation Commissioner for the month of April, 1920.   Upon the petition the district court issued an order to show cause.   On the return day an answer was filed in which it was alleged that the plaintiff had been removed from his office by the Governor acting under chapter 162, Sess. Laws 1919.   The answer also alleges the proceedings in connection with the removal in substance as follows:

Prior to the 19th day of April, 1920, charges were made to the governor that the plaintiff was carrying on a private law practice contrary to the provisions of the Workmen's Compensation Act; that he was incompetent and lacked the kind of qualifications which were necessary to the discharge of the duties of his office; that the Governor investigated the charges and suspended the plaintiff on April 19th, serving upon the defendant notice to that effect.   The notice was contained in a letter written by the Governor and directed to the plaintiff.   The letter apprised the plaintiff that evidence had been presented to the Governor to the effect that since his appointment and qualification he had been carrying on a private law practice, utilizing the stenographic help employed by the bureau in connection therewith; that he used office supplies of the bureau; that such practice had resulted in delaying the work of the bureau, particularly in the adjustment of claims; that through lack of executive ability, irascibility, incompatibility of temperament, lack of comprehension of the spirit of the Workmen's Compensation Law, and general inefficiency, he has been a detriment to the bureau and particularly to the claim department; that at a public hearing conducted by the minimum wage commission, held during the month of February, he conducted himself in a manner detrimental to the public interest, was tactless in his examination of witnesses, and disrespectful and offensive to a number of them; that on account of his temperament and his intolerance toward employees of the bureau, several efficient employees had tendered their resignations and declined to remain in the employ of the bureau if plaintiff was continued as a commissioner.   Plaintiff was apprised that the charges, if true, were of such a nature as to require complete

severance of his connection with the bureau; and that, failing to receive any statement from plaintiff or his resignation on or before the 22d of the same month, the Governor would consider it his duty to remove plaintiff summarily. He was notified of his suspension, to continue until final determination.

The answer further alleges that on April 20th, the Governor caused to be served upon the plaintiff a notice in writing directing him to show cause before him at the Governor's office on April 23d, why the suspension should not be made permanent. That at the time set for the hearing on April 20th, plaintiff appeared and objected to the jurisdiction of the Governor and caused to be served upon him a statement of his objections to the jurisdiction, which statement states the objections in substance as follows:

The Governor has no power to suspend the respondent for any cause or upon any grounds; that no specific charges have been served upon respondent, setting forth any cause for his removal; that the Governor's letter of April 19th was too indefinite and uncertain to apprise respondent of the making of charges against him or to enable him to make preparation to contest and disprove any charges; that on account of the vague character of the charges as stated in the letter, respondent demanded to be apprised more fully; and that the time of notice was too short and the proceedings summary and arbitrary.

The answer then proceeds to allege that on April 23d the determination was made by the Governor removing the plaintiff from the office on the grounds stated in the previous letter of April 19th; that a voucher for plaintiff's salary for the period of April 1st to 23d, 1920, had been allowed in the sum of $159.85.

A demurrer was interposed to the return upon the ground that it did not allege facts sufficient to constitute a defense to the petition. The demurrer was sustained and the defendants have appealed from the order. The only question presented upon this appeal is whether or not the answer or return states facts which prima facie in law justify the removal.

Section 4 of chapter 186, Session Laws 1919, the Workmen's Compensation Law, provides:

"A workmen's compensation bureau is hereby created in the Department of Agriculture and Labor consisting of the Commissioner of

Agriculture and Labor and two workmen's compensation commissioners, to be appointed by the Governor, who shall devote their entire time to the duties of the Bureau," and, "prior to April 1, 1919, the Governor shall appoint, and may remove for cause, two workmen's compensation commissioners," . . . etc.

This is not a proceeding to review the action taken before the Governor, and we cannot pass upon the sufficiency of the evidence to prove the existence of a legal ground for removal. The evidence upon which the Governor acted is not before us. We can only pass upon the sufficiency of the facts alleged in the answer to constitute a defense to the application for a writ of mandamus. The respondent relies upon the familiar principle that where offices are created with definite terms and the incumbents are removable for cause, sufficient legal cause must exist to warrant the removal. Also that officials not removable at pleasure are entitled to a hearing for the purpose of ascertaining whether or not sufficient cause for removal exists, and that the hearing must be one at which they are given reasonable opportunity to be present, to know the nature of the charges against them, to cross-examine witnesses, and to adduce testimony to disprove the charges. Throop, Pub. Off. §§ 362, 365; Mechem, Pub. Off. § 454. We do not question any of these propositions, but we do not deem them determinative here. The answer alleges that notice was given to the petitioner of the character of the charges against him. These charges, if substantiated, in our opinion, amount to legal cause for removal. This would hardly seem to be debatable. It also alleges that a time and place was set when the petitioner would be given an opportunity to present his answer to the charges. It states the facts as to his appearance in response to the notice and of the steps taken by him at the time to protect his rights. His response was an argument against the jurisdiction of the Governor to exercise removal powers and a statement that the charges were too vague and indefinite to admit of response. Presumably, the petitioner placed his defense to the attempted removal proceedings before the Governor upon the strongest grounds he had. Had he desired to take any other steps to preserve his rights, that was the time and place to take them. The reasonable inference to be drawn from his statement of the objections to the proceedings before the Governor is that he did not demand to know the identity of his accusers,

to know the character of evidence presented against him, nor to exercise the right to cross-examine those responsible therefor. Neither did he seek to introduce affirmative evidence to disprove the charges. On the contrary, he chose the procedure as indicated above, of objecting to the jurisdiction and to the lack of definiteness in the charges made. As to the indefiniteness of the charges, it would seem that they were about as specific as laymen are apt to make charges in matters of this kind. If drawn by lawyers accustomed to the niceties of criminal pleading by indictment or information, they might have been made to conform more nearly to the petitioner's notion of definiteness; but we fail to see wherein they did not charge with substantial clearness grounds which amount to legal cause for removal.

More specific reference to the answer may conduce to a more perfect understanding of our views. This proceeding, being here upon a demurrer to the answer and no evidence having been taken in the district court, we have no means of knowing the proceedings before the Governor except as they are alleged in the answer. Paragraphs 8 and 9 of the answer read as follows:

"Defendants allege that on or about 3 o'clock, P. M. on said 23d day of April, 1920, which was the hour designated for said hearing on said order to show cause, the said Laureas J. Wehe appeared at the said office of the said Governor Lynn J. Frazier, and objected to the jurisdiction of the said Governor Lynn J. Frazier in said proceedings, and then and there Laureas J. Wehe caused to be served on the said Governor Lynn J. Frazier a written statement of his objections to the jurisdiction of the said Governor Lynn J. Frazier in said proceedings, copy of which said writing is hereto attached, made a part hereof, and marked, for identification, 'Exhibit C.'

"Defendants alleged that thereafter on said 23d day of April, 1920, *a determination was duly made* by said Governor Lynn J. Frazier removing said Laureas J. Wehe from the office of Workmen's Compensation Commissioner," etc.

Manifestly, if the defendant in the removal proceedings on the 23d day of April, 1920, filed his objections to the proceedings, as alleged, and departed, the Governor could proceed to a determination of the matter upon the merits upon whatever evidence was before him. And it is equally clear that if the defendant filed the objections above re-

ferred to and demanded a ruling which was met by a refusal to rule, the hearing would have been terminated at that moment without giving the defendant an opportunity to defend. But the allegation in paragraph 9 is that thereafter "a determination was duly made." This allegation cannot be true if the defendant was denied a ruling on his objections and an opportunity to be heard. It is a rule established by the Code that in pleading a determination of an officer of special jurisdiction the determination may be stated to have been duly given or made. Comp. Laws 1913, § 7460. It being specifically alleged here that the determination was duly made, the answer is not open to objection on demurrer unless from the other facts pleaded the loss of jurisdiction affirmatively appears. The answer does not show the non-existence of any prerequisite steps to a valid determination, and we are of the opinion that they should not be found by implication.

In view of the record made, there is no merit in the contention that the time of notice was too short, and there is no analogy between this case and the case of Eckern v. McGovern, 154 Wis. 157, 46 L.R.A. (N.S.) 796, 142 N. W. 595, relied upon by the respondent.

While the foregoing opinion sufficiently indicates the views of the majority with reference to the issues raised by the demurrer to the answer, it may be well to mention the doubt entertained by the court as to the right of the petitioner to test the legality of his removal in a proceeding to compel ministerial officers to issue a salary warrant. In an opinion prepared by Mr. Chief Justice Christianson it is held that the plaintiff is not entitled to the writ for the reason that no ministerial duty devolves on the defendants to issue a salary warrant in favor of one against whom a removal order has been made. The majority, though agreeing to the result to which that opinion leads, does not adopt it, and our opinion is not to be construed as an implied holding on the question. In view of the discussion contained in that opinion, however, we deem it proper to say that we do not regard the question as settled by the cases of State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025, and State ex rel. Langer v. McDonald, 41 N. D. 389, 170 N. W. 873. The holding in these cases is merely to the effect that an incumbent whose term has expired cannot justify his failure to perform the ministerial act of delivering the office to a successor who presents a valid certificate of election, and when the rem-

edy of mandamus is resorted to by the successor the court will not countenance the withholding of possession pending the trial of title to the office but will promptly issue the writ. If the opinion of the Chief Justice is sound, a claimant armed with an executive appointment and an executive order of removal fair on their face would be entitled to invoke the remedy of mandamus to gain immediate possession as against an officer who has not been legally removed, since that opinion gives to the removal order the same weight as it gives to a certificate of election. There is no adverse claimant in the case at bar. Recent authorities indicate a trend towards greater liberality in regard to the issues that may properly be tried in mandamus proceedings affecting public officers. 2 Bailey, Habeas Corpus, § 248; 18 R. C. L. 260, 264, 265. And there is much to be said in favor of this measure of protection against executive usurpation. We express no opinion upon this question.

It must be apparent that the majority in this case does not attempt to determine the ultimate right of the relator to the office. It cannot do so upon this appeal because the matter is not here. It only determines the sufficiency of the answer as against the demurrer and this is all that can properly be decided. It would seem to be equally apparent that the concurring opinion of the Chief Justice goes much further in the direction of supporting executive usurpation, such as was condemned in the case of Eckern v. McGovern, supra, than does the opinion adopted by the majority.

The order appealed from is reversed.

ROBINSON, BRONSON, and GRACE, JJ., concur.

CHRISTIANSON, Ch. J. (dissenting). The relator says that he is one of the workmen's compensation commissioners of this state, and entitled to receive, and that the respondents should be compelled by writ of mandamus to issue and deliver to him, a warrant for his salary as such commissioner for the month of April, 1920. The respondents say that the relator was removed from office by the Governor on April 23, 1920, and has not since been, and is not now, a workmen's compensation commissioner. A copy of the order of removal is attached to and made a part of the respondents' return.

Our statute (Comp. Laws 1913, § 8457) provides that "the writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person."

"The legal right of plaintiff or relator to the performances of the particular act, of which performance is sought to be compelled (by writ of mandamus) must be clear and complete." 26 Cyc. 151.

The prevailing rule of law is that "mandamus will not lie to determine, either directly or indirectly, a disputed question of title to a public office." Throop, Pub. Off. § 825. That is the established law in this state. State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025; State ex rel. Langer v. McDonald, 41 N. D. 389, 170 N. W. 873; Chandler v. Starling, 19 N. D. 144, 121 N. W. 198.

In State ex rel. Butler v. Callahan, supra, this court ruled that a person, who holds a certificate of election to an office and has qualified for such office by taking and filing the required oath of office and undertaking, is entitled to a writ of mandamus to compel admission to such office; that in such mandamus proceeding the court will not go behind the certificate of election; and that the prima facie title of the holder of such certificate cannot be defeated by averments in the return which involve the ultimate, or actual, title to the office; nor will the court "try and determine the question whether the facts set out in the answer do or do not involve the title." This ruling was reaffirmed in State ex rel. Langer v. McDonald, 41 N. D. 389, 170 N. W. 873. In Chandler v. Starling, this court applied the same rule to a certificate of appointment by the Governor. That is, this court ruled that in mandamus such certificate of appointment is entitled to the same credence and must be given the same prima facie effect as a certificate of election; and that the court will not go behind it to determine whether the holder actually has title to the office.

While ordinarily mandamus is the proper remedy to compel the issuance of a salary warrant, where the salary is fixed by law and the proper authorities charged with the performance of such duties refuses

to perform the same, the writ will issue only where "the legal right of the relator to the performance of the duty sought to be compelled is clear and complete." 26 Cyc. 151. It will not issue where the right of the relator is doubtful. "Where, by reason of a complication of extraneous circumstances not specifically provided for by the statute, a well-founded doubt arises, either as to the right of the applicant to receive the fund, or the duty of the officer to pay it out, mandamus is not the proper remedy." 18 R. C. L. p. 225.

The respondents in this case were confronted with this situation: A person claiming to be the incumbent of a certain office made demand upon them to issue to him a warrant for his salary as such officer; but the Governor, who is vested with express authority so to do, had declared the person demanding such salary warrant to be removed from, and no longer an incumbent of, such office. If- the Governor actually had done what he asserted he had, viz., removed the relator from office, then the relator had neither prima facie nor actual title to the office. Of course, in order to issue a salary warrant to the relator the respondents must ignore the order of removal, or in effect take upon themselves the authority to adjudge it to be invalid. In these circumstances, can it be said that the law specially enjoined upon them, as a duty resulting from their offices, to issue a salary warrant to the relator? That in the last analysis is the question here. And in my opinion that question must be answered in the negative.

Logically my remarks ought to end here; but inasmuch as I differ from my associates both as to what issues may properly be tried in this proceeding, and the construction to be placed upon the return of the respondents, I deem it proper to indicate my views on these propositions.

Under the holding of the majority members the ultimate and actual title to the office is to be litigated and determined in this mandamus proceeding. This in my opinion is directly contrary to the principle established in State ex rel. Butler v. Callahan; State ex rel. Langer v. McDonald; and Chandler v. Starling, — supra.

The majority members hold that the return of the respondent sets forth facts sufficient to show that the relator, after due proceedings had before the Governor, was legally removed from office. While I do not believe that the question of the ultimate title of the relator to the

office is properly triable in this proceeding, I do not agree that the facts set forth in the return show that the relator was legally removed.

It will be noted that a workmen's compensation commissioner is appointed for a definite term, and the Governor is given no right to remove him from office except *for cause*. The majority members concede that it is "a familiar principle that where offices are created with definite terms and the incumbents are removable for cause, sufficient *legal cause* must exist to warrant the removal. Also, that officials not removable at pleasure are entitled to a hearing for the purpose of ascertaining whether or not sufficient cause for removal exists, and that the hearing must be one at which they are given reasonable opportunity to be present, to know the nature of the charges against them, to cross-examine witnesses, and to adduce testimony to disprove the charges." Immediately following this statement, the majority members cite, Throop, Pub. Off. and Mechem, Pub. Off. § 454. Hence, I take it, that the majority members indorse what Mechem says on the subject, viz.: "Where the appointment . . . is made for a definite term or during good behavior, and the removal is to be for cause, it is now clearly established by the great weight of authority, that the power of removal cannot, except by clear statutory authority, be exercised without notice and hearing, but that *the existence of the cause, for which the power is to be exercised, must first be determined after notice has been given* to the officer of the charges made against him, and he has been given an opportunity to be heard in his defense." Mechem, Pub. Off. § 454.

The supreme court of Wisconsin has said that the jurisdictional requisites in such cases are: "(1) Reasonable notice of time, place of hearing, and of charges constituting a proper subject for investigation; (2) reasonable opportunity to defend, characterized by full disclosure of adverse evidence according to the established principles of fair judicial investigation to determine the justice of the case; (3) a decision upon proofs of record supporting it in some reasonable view." Ekern v. McGovern, 154 Wis. 157, 46 L.R.A. (N.S.) 796, 142 N. W. 595.

Does the return in this case show that the relator was afforded these rights? The majority members say it does for the reason that in paragraph 9 of the return it is averred *inter alia* that on April 23d, 1920, "a determination was duly made by said Governor Lynn J. Frazier

removing said Laureas J. Wehe from the office of workmen's compensation commissioner;" and that this was, under the statute, a sufficient averment of a valid order of removal.  The statute referred to reads as follows: "In pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination *may be stated to have been duly given or made.*  If such allegation is controverted, the party pleading shall be bound to establish on the trial the fact conferring jurisdiction."  Comp. Laws 1913, § 7460.  It will be noted that the statute is permissive.  It says a party "pleading a judgment or other determination" *may* state, etc.  It does not purport to be exclusive.  A party may still, if he desires, plead the facts conferring jurisdiction.  If he chooses to pursue the latter method, the statute does not apply.  The respondents in this case have not sought to avail themselves of this statute.  They have not contented themselves with making a general averment that the removal order was duly made or given by the Governor.  They have elected to set out the proceedings had by and before the Governor in detail.  They, in effect, say, "We do not care to rely upon a general averment, we prefer to set forth all the facts, and here they are."

The return or answer of the respondents alleges that on April 19, 1920, the Governor wrote a letter to the relator, commencing as follows: "Evidence has been presented to me to the effect" (here follows a statement in general terms of the alleged charges against the relator set out in the majority opinion).  The letter continues: "In the light of this evidence, I feel it my duty to inquire what, if anything, you desire to state in your defense.  As the charges, if true, are of such nature as to require the immediate severance of your connection with the Workmen's Compensation Bureau.  An immediate reply is requested.  Failing to receive any statement from you, or your resignation on or before the 22d instant, I shall consider it my duty to remove you summarily from office.  You are hereby notified that I have suspended you from the office of workmen's compensation commissioner, such suspension to continue until the final determination of this matter."

It further alleges that on April 20, 1920, the Governor issued the following notice to the relator:  "You are hereby directed to show

cause before me at my office on Friday, April 23d, 1920, at 3 o'clock in the afternoon of said day, why your suspension from office as workmen's compensation commissioner should not be made permanent."

It is further averred in said return that at the time appointed in the notice the relator and his counsel appeared before the Governor and filed written objections, among which were the following:

"That no specific charges have been made, filed with, or served upon the respondent setting forth any cause or causes, for his removal from office.

"That the letter of the Governor dated April 19th, is too indefinite and uncertain to apprise the respondent of the nature of the charges against him or to enable him to make due preparation to contest and disprove any charges that may have been filed or made against him as such official."

"That the alleged charges, insinuations, and accusations attempted to be set out in said letter are so indefinite, uncertain, vague, and general, consisting of recitals and conclusions, that a person of common and ordinary understanding cannot ascertain therefrom the nature of the charges or complaint attempted to be set forth and that, therefore, *this respondent demands to be apprised more fully herein."*

As I construe the return or answer it was upon these proceedings, and these alone, that the Governor made the order of removal. He heard no witnesses, and received no evidence. If the order rests on anything at all it rests upon the *"evidence"* which the Governor referred to in the letter of April 19th. But the relator could be removed only for legal cause, *the existence of which must* be determined after notice. Mechem, Pub. Off. § 454. "The Governor," said the supreme court of Wisconsin (Ekern v. McGovern, supra) "had no right to act upon personal information not disclosed so as to afford fair opportunity to meet it. All should have been disclosed to appellant and made a matter of record."

In the majority opinion it is said: "His [relator's] response was an argument against the jurisdiction of the Governor to exercise removal powers and a statement that the charges were too vague and indefinite to admit of response. Presumably, the petitioner placed his defense to the attempted removal proceedings before the Governor upon the strongest grounds he had. Had he desired to take any other

steps to preserve his rights, then was the time and place to take them. The reasonable inference to be drawn from his statement of the objections to the proceedings before the Governor is that he did not demand to know the identity of his accusers, to know the character of evidence presented against him, nor to exercise the right to cross-examine those responsible therefor. Neither did he seek to introduce affirmative evidence to disprove the charges."

With all due deference to the views of my associates, it seems to me that those conclusions are wholly erroneous and contrary to the very principles they concede to be applicable to cases wherein it is sought to remove officers like the relator. When did it become the law that a party who makes an objection to the jurisdiction of a court, board, or officer; or to the sufficiency of a pleading or notice will be deemed by means of such objections to have placed his defense on the "strongest ground he had?" Manifestly, a party who makes such objections, should be and is entitled to a ruling on the objections, and if the objections are overruled, he is entitled to an opportunity to present a statement or pleading embodying his defense on the merits. He is also entitled to have the charges established by proofs of some sort, after notice. The officer empowered to remove may not determine in advance of the hearing that the charges are true, and ask the officer to disprove them. The incumbent of the office is presumed to be competent and to have performed his duties properly. That presumption must be overcome by evidence, after notice. As I construe the return there is no contention that that was done in this case.

The majority members say: "Had he [relator] desired to take any other steps to preserve his rights, then was the time and place to take them." Just exactly what would the majority members have had the relator do? He interposed certain written objections, and asked, among other things, "to be apprised more fully herein." The Governor did not say I overrule your objections, and refuse your request "to be apprised more fully herein." According to the return, the only answer the Governor made was to make the order removing the relator from office. The relator had a right to make objections to jurisdiction, and to ask that the charges be made more definite and specific. He was entitled to have those objections and requests ruled on. He was justified in believing that if the Governor overruled his objec-

46 N. D.—11

tions and refused his request he would be afforded an opportunity to defend on the merits. He was justified in believing that he would and could be removed only after it had been established, before the officer conducting the hearing, by due proof and after notice, that legal cause for removal existed. As I construe the return it does not show that the relator was afforded, but rather that he was denied, the hearing which the majority members concede he was entitled to have.