STATE OF NORTH DAKOTA, ex rel Laureas J. Wehe a commission-
er of the North Dakota Workmen's Compensation Bureau, Respond-
ent, v. LYNN J. FRAZIER, as Governor of the State of North
Dakota, Appellant.

(184 N. W. 874.)

**Appeal and error — trial court must enter judgment as directed by Supreme
Court.**

It is the duty of the lower court, on the remand of a case, to comply
with the mandate of the appellate court and obey the directions therein.
Hence, where the Supreme Court directs that a judgment be modified in
certain particulars, and, as thus modified, affirmed, it is the duty of the
court below to modify the original judgment as, and only as, directed;
and it has no power to make other modifications or changes in such judg-
ment. It is *held* that in the instant case the trial court correctly inter-
preted and carried out the mandate of the appellate court.

Opinion filed Oct. 12, 1921.

Appeal from the District Court of Burleigh County, *Nuessle,* J.

Defendant appeals from an order denying motions for an amendment
and modification of a judgment.

Affirmed.

Per Curiam Opinion.

*William Lemke,* Atty. General; *George K. Foster,* Asst. Atty. Gen-
eral; *Philip Elliott* and *C. A. Marr,* for appellant.

There can be no doubt that at its inception the suspension was valid.
The power to suspend an officer is incidental to the power to remove for
cause. 29 Cyc. (Officers) 1405; State v. Megaarden, 85 Minn. 41, 88 N.
W. 412; 89 Am. St. Rep. 334; State v. Peterson, 50 Minn. 244; 52 N. W.
655; Chase v. Providence, 36 R. I. 331, 89 Atlantic 1066; Am. Cas. 1916
C. 1257; Griner v. Thomas, 101 Tex., 36; 104 S. W. 1058, 69, 16 Ann.
Cas. 944; State v. Linge, 26 Mo. 496; State v. Police Commissioners, 16
Mo. App. 48; Shannon v. Portsmouth, 54 N. H. 183.

One who does not perform the duties of an officer because of unfitness should not receive the salary for that office, and such is established law. 29 Cyc. (Officers) 1424, note 35 and cases cited.

*L. J. Wehe,* and *Theodore Koffel,* for respondent.

The Governor has no power unless specifically given to him by statute to suspend an officer during the pendency of the removal proceedings. (Unless the officer should be a treasurer or custodian of public funds, and then an exception is made in some of the cases cited.) Throop on Pub. Off. Sec. 404, p. 394; Metsker v. Neally, 41 Kans. 122; Mech. Pub. Off. Sec. 453, p. 286; Gregory v. Mayor, 113 N. Y. 416, aff'g. 11 N. Y. St. Rep. 506; Emmet v. Mayor, 38 N. Y. St. Rep. 607, following State v. Jersey City, 25 N. J. L. 435-8; 29 Cyc. 1405, § 3.

A judgment cannot be amended so as to vary the rights of the parties as fixed by the original decision. 23 Cyc. 868; Tyler v. Shea, 4 N. D. 377; 61 N. W. 468; Barnes v. Hullet, 29 N. D. 136, 50 N. W. 562.

"But after an order entered, as dictated by the Judge, has been construed and affirmed by the Supreme Court an amendment cannot be allowed on the ground that the construction placed on it was not what the judge intended." 29 Cyc. 867, 867.

PER CURIAM. This is a sequel to State ex rel. Wehe v. Frazier, 182 N. W. 545, wherein this court modified and affirmed a judgment of the district court of Burleigh county. After the remittitur was sent down, the district court made an order for judgment, pursuant to which judgment was entered in that court. Subsequently, the attorneys appearing for the Governor moved that the order for judgment and the judgment be amended and modified in certain particulars, which will hereinafter be noted. These motions were denied, and the Governor has appealed from the orders denying such motions.

This litigation arose out of proceedings before, and orders made by, the Governor purporting to suspend and remove the relator, Wehe, from the office of workmen's compensation commissioner in this state.

On April 19, 1920, the Governor wrote a letter to the relator, Wehe, stating that on account of certain reasons specified therein the Governor had suspended the said Wehe "from the office of workmen's compensation commissioner, such suspension to continue until the final determination of this matter." This was followed by a letter dated April 20, 1920, directing Wehe to show cause before the Governor on April 23, 1920,

why his suspension should not be made permanent. In response to this latter letter the relator appeared before the Governor, and, after certain proceedings there had, the Governor made an order removing Wehe from the office of workmen's compensation commissioner; such order being entered on April 23, 1920. Subsequently Wehe instituted a mandamus proceeding to compel the Workmen's Compensation Bureau to issue to him his salary warrant for the month of April, 1920. In the answer in that proceeding it was asserted as a defense that said Wehe had been suspended by the Governor on April 19, and removed on April 23. It was further alleged, as a defense in that action, "that a voucher for plaintiff's salary for the period of April 1 to 23, 1920, had been allowed in the sum of $159.85." See State ex rel. Wehe v. North Dakota Compensation Bureau et al., 180 N. W. 49, 50.

In November, 1920, said Wehe applied to the district court of Burleigh county for a writ of certiorari for the purpose of reviewing the validity of the alleged removal proceedings had before the Governor. The trial court determined such proceedings, and the orders of suspension and removal entered therein by the Governor, to be irregular, illegal, and void, and entered judgment as follows:

"It is hereby ordered and determined that the proceedings of the defendant, Lynn J. Frazier, as Governor of the state of North Dakota, had and taken in connection with the removal of the plaintiff, Laureas J. Wehe, were irregular, illegal, and void, that no evidence was given nor trial had before said defendant to justify such removal, and the same is here in all things reversed, annulled, and set aside, and that the order and determination of the suspension and removal of said plaintiff by said defendant from the office of workmen's compensation commissioner of the state of North Dakota be, and the same is hereby, annulled, vacated, and set aside.

"And it is further ordered and adjudged and determined that the plaintiff, Laureas J. Wehe, be, and he hereby is, reinstated in his said position of workmen's compensation commissioner of the state of North Dakota, with all the rights, privileges, and emoluments, with interest thereto pertaining, as of the 23d day of April, 1920, the date of his illegal suspension and removal, as fully as if said order of removal had never been made."

The Governor appealed from that decision to this court. This court held that the relator had not been accorded a hearing as provided by law,

and that the proceedings had in the removal proceeding before the Governor were irregular, and that the order of removal was null and void. In the opinion in that case this court said:

"In the legislative act under consideration, the Legislature has granted to the Governor the power of appointment and of removal, but it has expressly provided that the removal must be for cause. § 4, c. 162, Laws 1919; chap. 73, Spec. Sess. Laws 1919. An express legislative limitation was placed upon this executive power of removal. This limitation prescribed the exercise of a legal discretion in addition to an executive discretion. This limitation, as has been stated, the Legislature had the right to prescribe. A removal for cause means for a legal cause. State v. Common Council, 53 Minn. 238, 55 N. W. 118, 39 Am. St. Rep. 595; Townsend v. Tobey, 71 Minn. 379, 74 N. W. 150; State v. Donovan, 89 Me. 451, 36 Atl. 985; Andrews v. Board, 94 Me. 76, 46 Atl. 804; State v. Walbridge, 119 Mo. 383, 24 S. W. 457, 41 Am. St. Rep. 663; Hayden v. Memphis, 100 Tenn. 582, 47 S. W. 182. When the Legislature deemed it proper to prescribe a legal cause as the basic ground for the removal of the office involved, necessarily there then applied those fundamentals in Anglo-Saxon jurisprudence, essential and recognized in any free and democratic government, namely, the right of the accused to a hearing, to be confronted with his accusers, and to the right of defense. See People v. Therrien, 80 Mich. 187, 195, 45 N. W. 78. * * *

"This court, therefore, has already adopted, without dissent, the principle that a legal cause in such case must exist and must be established at a hearing. It is merely trite to state that a legal cause is a judicial cause. It follows, accordingly, that the Governor, in exercising his power in such removal proceeding, necessarily acts in a quasi judicial manner, that his orders, quasi judicial in character are subject to judicial jurisdictional review, and that such review does not serve to interfere with any purely executive prerogative. * * *

"It is evident from this record that the Governor did not appreciate the extent of this legislative prescription. It is quite apparent that he doubted whether it was necessary that charges be preferred or a hearing be given; that he considered to a considerable extent that he might exercise this right of removal as a pure act of executive discretion based upon facts that might have been brought to his attention ex parte as the chief executive. By reason of such construction of his powers, it is further evident from this record that the Governor overlooked and ignored, in order

to exercise his power of removal for cause, the necessity of granting a hearing to the relator where the relator might learn the nature of the charges against him, and might have an opportunity to answer the same, cross-examine witnesses, and adduce testimony to disprove such charges. Manifestly such hearing was not accorded the relator. It was jurisdictional for the exercise of the power of removal. No legal cause for removal was established at the hearing. The affidavits upon which the order for removal was based were neither produced nor presented. Accordingly, it follows that the order of removal must be determined illegal and void, unless the act of the relator in refusing to be sworn as a witness has conferred a jurisdiction to order a removal, as if upon default.

"(3) *Refusal of relator to be sworn*: It may be granted that the Governor had the right to examine the relator as a witness. State v. Borstad, 27 N. D. 533, 147 N. W. 380, Ann. Cas. 1916B, 1014. The exercise of this right, however, involves the concession that a hearing was necessary with the rights that flow to the relator at such hearing. Plainly, therefore, this right could not be exercised without according to the relator his rights. The record fairly shows that the relator was willing to be sworn, if to the relator a hearing would be accorded. The record fails to show any offer to accord such hearing as was required.

"The trial court, in the writ of certiorari, ordered that the relator be reinstated in his position of commissioner, with all the rights, privileges, and emoluments, with interest thereto pertaining, as of the 23d day of April, 1920, the date of his illegal suspension and removal, as fully as if said order of removal had never been made. This portion of the judgment perhaps may, by construction, receive an interpretation beyond the issues in this certiorari proceeding. It appears from the record herein that the Governor has appointed another person in place of the relator as commissioner, and that such person has qualified as commissioner. The only issues involved in this proceeding are the jurisdictional questions concerning the order of removal. The questions of law involved between the relator, as a de jure commissioner, and Mr. Spencer, as the de facto commissioner, are collateral to the present inquiry. 29 Cyc. 1393. The judgment of the trial court should not be construed to extend further than the restitution of the relator as commissioner de jure, the same as if no order of removal had ever been made. Thus construed and modified, the judgment of the trial court should be, and is, in all things affirmed."

Upon the filing of the remittitur in the district court, that court entered

an order for judgment, and judgment was entered thereon, as follows:

"Now, therefore, on motion of L. J. Wehe and Theodore Koffel, of Bismarck, N. D., attorneys for the plaintiff, Laureas J. Wehe, as commissioner of the North Dakota Workmen's Compensation Bureau, it is hereby adjudged and determined that all the proceedings of the defendant, Lynn J. Frazier, as Governor of the state of North Dakota, had and taken in connection with the removal of the plaintiff, Laureas J. Wehe, were and are irregular, illegal, and void, and that no evidence was given nor trial had before said defendant to justify such suspension and removal, and that the same be and hereby is in all things reversed, annulled, and set aside, and that the order of suspension and the order of the removal and the determination of the suspension and removal of said plaintiff by said defendant from the office of commissioner of the Workmen's Compensation Bureau of the state of North Dakota, be, and the same is hereby, in all things annulled, vacated, and set aside, the same as if no proceedings for the suspension and removal of the plaintiff had ever been commenced.

"And it is further adjudged, determined, and decreed that the plaintiff, Laureas J. Wehe, be, and he hereby is, reinstated in his said position as commissioner of the North Dakota Workmen's Compensation Bureau, with all the rights, privileges, and emoluments, with interest thereto pertaining, as of the 23d day of April, 1920, the date his illegal suspension was made permanent and absolute, and the date the illegal order of removal was made therein, as fully as if no order of suspension and order of removal had ever been made therein, save and except as to any questions of law involved between the plaintiff, Laureas J. Wehe, as de jure commissioner, and one C. A. M. Spencer, as the de facto commissioner, which are collateral to the present inquiry; and that this judgment extends only to the restitution of the plaintiff herein, as commissioner de jure, that is, the legal and lawful commissioner, with the right and title in him to said office, the same as if no order of suspension and order of removal had ever been made; and the judgment heretofore entered, excepting said modifications, be, and the same hereby is, in all things adjudged, reinstated, affirmed, and determined."

The defendant moved to have this judgment amended by striking therefrom all references to the order of suspension; the contention being that the former decision of this court merely adjudged the order of removal to be invalid, and did not in any manner adjudicate with respect

to the order of suspension. The trial court refused to amend the judgment, holding that the judgment which had been entered was in accord with, and carried out, the mandate of this court.

We have above set out the judgment originally entered by the trial court. It will be noted that therein the court specifically adjudged.

"That the order and determination of the suspension and removal of said plaintiff (Wehe) by said defendant (the Governor) from the office of workmen's compensation commissioner of the state of North Dakota be, and the same is hereby, annulled, vacated, and set aside.

"And it is further ordered and adjudged and determined that the plaintiff, Laureas J. Wehe, be, and he hereby is, reinstated in his said position of workmen's compensation commissioner of the state of North Dakota, with all the rights, privileges, and emoluments, with interest thereto pertaining, as of the 23d day of April, 1920, the date of his illegal suspension and removal, as fully as if said order of removal had never been made."

It was the manifest object of this judgment to set aside all the proceedings had before the Governor in said removal proceedings including both the order of suspension and the order of removal, and to reinvest the relator with all of his rights as an incumbent of the office from which the Governor purported to have removed him.

This was the judgment brought before this court for review, and considered by us in the former opinion. It will be noted that the judgment contained two distinct provisions: The first specifically adjudged that the determination of the suspension and removal of said Wehe be annulled, vacated, and set aside; the second provision directed that he be reinstated in his position with all the rights, privileges, and emoluments as of the 23d day of April, 1920.

The decision of this court became the law of the case. It was binding upon the trial court. That court had no discretion, but was required to render such judgment as this court had directed to be entered. 4 C. J. 1233. And in our opinion the trial court correctly interpreted and carried out the mandate of this court.

While we deem the matter here under consideration determined and the law of the case settled by the former opinion, we do not see how any other conclusion could well have been reached, in view of the principles announced and the conclusion reached in the former opinion. As pointed out in that opinion, this court had already (on the first appeal in this

controversy) adopted, without dissent, the principle that the relator could not be removed from his office except for legal cause, established at a hearing. And by application of that principle this court ruled that the determination of the Governor purporting to deprive the relator of his office was a nullity. Manifestly, if the Governor had no power to remove an officer except for legal cause and after hearing, he could not indefinitely suspend such officer except for similar cause and after hearing. It would be an absurdity to say that an officer may not be removed except for legal cause and after hearing, and in the same breath say that such officer may be indefinitely suspended from his office without any hearing whatever. See United States v. Wickersham, 201 U. S. 390, 26 Sup. Ct. 469, 50 L. Ed. 798. A suspension is merely a temporary stop of a right. To suspend an officer is merely to forbid him from exercising the functions of his office for a more or less definite interval of time. See Black's Law Dictionary, p. 1129. In case of suspension it is contemplated that the suspended officer may be restored to his office and hold the same by virtue of his original title. State v. Heinmiller, 38 Ohio St. 101, 108. The order made by the Governor on April 19, 1920, recognized these facts. It will be noted that the order of suspension merely purported to be effective until the Governor made a further order disposing of the matter. On April 23, 1920, the Governor made such other order, and manifestly the order he then made was intended to wholly supersede the alleged order of suspension made on April 19, 1920. That, as has already been indicated, was also the construction placed upon this latter order by the officers of the state, as they caused a salary warrant to be drawn in favor of the relator, Wehe, for his salary as workmen's compensation commissioner up to April 23, the date that the alleged removal order was entered. In our opinion the judgment originally entered by the trial court upon the return of the re-mittitur from this court was correct. and carried out the mandate of this court, and the trial court was correct in refusing to grant the motions for amendment or modification of that judgment.

We express no opinion upon the question pressed by the appellant on this appeal that the power to remove a workmen's compensation commissioner which the statute confers upon the Governor includes the power to suspend such officer temporarily from office. That question is not involved or properly determinable on this appeal.

Orders affirmed.

CHRISTIANSON, BRONSON, and BIRDZELL, JJ., concur.

GRACE, C. J. (dissenting).  I most earnestly and vigorously dissent, and this for the same reasons set forth in my dissenting opinion in the previous case of State v. Frazier, 182 N. W. 551.

ROBINSON, J. (dissenting).  This is a political case.  Twice it has come before this court and twice dissenting opinions have been filed. 180 N. W. 49; 182 N. W. 545, 550, 551, 562.  For certain causes, which this court held sufficient, the Governor made an order suspending Mr. Wehe from office and then an order inviting him to appear and show cause why he should not be permanently removed from office.  Then, for cause shown to the satisfaction of the Governor, he made what he considered an order of removal.  The order of removal was held by three judges of this court, with two dissenting, to be void.  Now if the removal order was void and of no effect, of course it left in full force the order of suspension.  The first case which came before the court was on a demurrer to the complaint or charges made against Wehe, and it was held to state a cause for removal.  One judge dissented.  The second case was a certiorari proceeding to test the validity of the order of removal made by the Governor.  The judges held thus:

"The only issues involved in this proceeding  are  the  jurisdictional questions concerning the order of removal."

The decision said not a word concerning the order of suspension.  It was based on the ground that the Governor had denied Wehe a hearing or trial on the charges against him, but, as the record shows, at the time and place set for a hearing the Governor and his counsel were present. Wehe and his counsel were present.  The Governor demanded that Wehe be sworn as a witness.  Of course the purpose was to examine him on oath concerning the charges against him.  The answer of Wehe was:  "I absolutely refuse to be sworn."  Now the Governor had no power to compel Wehe to be sworn.  But the Governor and his counsel supposed, and had a right to suppose, that calling Wehe as a witness was the commencement of the hearing on the charges against him.  Wehe was given ample opportunity to testify and to present his case, but it seems he did not desire to be the first witness.  Hence the Governor made an order of removal without calling any other witness, and that he had a right to do.   The Governor is the head of the executive department.  He had a right to adopt his own mode of procedure, and neither this court nor the district court had any right to dictate to him.  Wehe was given ample opportunity for a trial, but he refused to accept it.  He played to the galleries and  the

newspapers and set the Governor at defiance. There is no claim that Wehe had ever applied for a hearing or that he had been denied a fair hearing and a prompt hearing on the charges against him. This court has no right to control or usurp the functions of the Governor, or to hold that his order of suspension does not remain in full force pending a legal decision on the charges made against Wehe. Certain it is an unseemly thing for this court, by a majority of one judge, to hold void the official action of the Governor. And, as the result shows, it leads to an unseemly contest between the executive and the judicial departments, and to endless, vexatious, and expensive litigation.